# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2527-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EDMOND BENTON, a/k/a
JOE TRUCK, and EDMUND
BENTON,

     Defendant-Appellant.

_____

Submitted January 23, 2020 – Decided March 4, 2020

Before Judges Koblitz and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment Nos. 14-01-0065 and 14-01-0066, and Accusation No. 14-07-0348.

Joseph E. Krakora, Public Defender, attorney for appellant (Craig S. Leeds, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Tasha Marie Kersey, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Edmond Benton appeals from the November 2, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant was charged under two indictments and an accusation. On January 15, 2014 defendant was indicted for three counts of fourth-degree violations of community supervision for life under N.J.S.A. 2C:43-6.4(d). The same day, he was charged under a second indictment with third- and fourth-degree failure to register as a convicted sex offender under N.J.S.A. 2C:7-2(a) and 2(d)1. The accusation charged defendant with another fourth-degree violation of community supervision for life. In July 2014, defendant pled guilty to some of the charges, pursuant to a negotiated plea agreement, and was sentenced to concurrent eighteen-month flat sentences for the indictments, and a consecutive six-month sentence for the accusation.

Defendant did not file a direct appeal, but filed a PCR petition in January 2016, asserting ineffective assistance of counsel. After hearing oral argument and reviewing the record, Judge Ronald Susswein denied the petition both on procedural grounds and on the merits. Judge Susswein found that defendant had not established a prima facie case for PCR, and that an evidentiary hearing was unnecessary because there were no material facts that could not be resolved

without reference to the existing record. Applying the Strickland/Fritz[1] standard, the judge explained why defendant had not established a prima facie case requiring an evidentiary hearing nor established that but for counsel's alleged errors he would not have pled guilty and would have gone to trial.

Because we affirm for the reasons explained in the thorough written opinion of Judge Susswein, we need not re-address defendant's arguments, but we add the following comments. We reject defendant's argument he was denied effective assistance of trial counsel under the standard set forth in Strickland and Fritz. Defendant has not shown counsel's performance was insufficient because trial counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. Nor has defendant shown that counsel's performance fell below objective standards of reasonableness, or that he was prejudiced by the deficient performance he alleges. Id. at 687-88, 692. Defendant's arguments to the contrary are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Strickland v. Washington, 466 U.S. 668 (1984); State v. Fritz, 105 N.J. 42 (1987).

A-2527-18T2